IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CURTIS DWAYNE HOLBROOK,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00643 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **JEFF ELKINS,** ) | Chief United States District Judge |
| Defendant. ) | |

## MEMORANDUM OPINION

Curtis Dwayne Holbrook, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Jeff Elkins, an attorney in Wise, Virginia. Holbrook has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted.

### Background

Holbrook alleges that he was involved in a car accident approximately two years ago and that he talked to Elkins about filing a lawsuit against an insurance company. Compl., ECF No. 1, at 2. Holbrook asserts that he has written letters to Elkins several times and that he is "starting to think [Elkins] doesn't care" about filing a lawsuit. Id. He seeks to have his medical bills and other expenses paid by Elkins. Id. at 3.

### Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case at any time if the court determines that the complaint

fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## Discussion

Holbrook commenced this action by filing a form complaint for use by inmates seeking to assert claims under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983. In particular, Holbrook does not allege facts from which the court could conclude that Elkins, a private attorney, acted "under color of state law" in the course of representing, or declining to represent, Holbrook. Id. "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" Polk Cnty. v. Dodson, 454 U.S. 312, 319 n.9 (quoting In re Griffiths, 413 U.S. 717, 729 (1973)); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a "private attorney who is retained to represent a criminal defendant is not acting

2

under color of state law, and therefore is not amenable to suit under § 1983"). Accordingly, Holbrook's allegations against Elkins fail to state a claim under § 1983.

## Conclusion

For the foregoing reasons, the court concludes that Holbrook's complaint must be dismissed for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: November 13, 2023

Michael F. Urbanski
Chief United States District Judge